**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| WILLETTA COLEMAN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:24-cv-398 |
| UNITED PARCEL SERVICE, INC., ALEX | § | |
| VEGARA, and LANCE KING, | § | |
| | § | |
|    Defendants. | § | |

**DEFENDANTS' NOTICE OF REMOVAL**

1.      Defendants United Parcel Service, Inc. (Ohio), Alex Vergara (incorrectly named as Vegara), and Lance King file this notice of removal of the action described herein. Removal is procedurally proper and is based on diversity jurisdiction due to fraudulent joinder, as well as federal question jurisdiction; specifically, complete preemption under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).

## I.   FACTUAL BACKGROUND

2.      On September 5, 2024, Plaintiff Willetta Coleman filed a Petition at Law and Jury Demand against Defendants in the state district court of Polk County, Iowa, styled *Willetta Coleman v. United Parcel Service, Inc., et al.*, Case No. LACL159911. *See* Ex. 1, Pl.'s Pet. at 1.

3.      In her Petition, Coleman asserts claims for employment discrimination and retaliation under the Iowa Civil Rights Act (ICRA). *Id.* at ¶¶ 52-108. Coleman alleges Defendants discriminated against her because of her race and disability, and retaliated against her. *Id.*

4.      Defendants were served with Coleman's Petition on October 11, 2024. *See* Ex. 2, Proof of Service for UPS, King, and Vergara; Ex. 4, Docket Sheet. Defendants filed an answer in state court on October 31, 2024. *See* Ex. 3, Defendants' Answer.

5.      Having determined that Coleman has fraudulently joined the individual defendants, Vergara and King, and that federal law completely displaces Coleman's claims, Defendants now file this notice under 28 U.S.C. §§ 1441, 1446(b)(1).

## II.    ARGUMENTS & AUTHORITIES

### A.    *Removal is procedurally proper.*

6.      All Defendants consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

7.      This notice is timely filed within thirty days of the October 11, 2024 date of service. *See id.* § 1446(b)(1).

8.      Venue is proper in the Southern District of Iowa – Central Division under 28 U.S.C. §1446(a), as the district encompass Polk County, the place in which the removed action is pending and where a substantial portion of the relevant events are alleged to have occurred. *See* Ex. 1, Pl.'s Pet. ¶¶ 1, 4, 8, 12.

9.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendants attach to this notice true and correct copies of King's Petition & Jury Demand (Ex. 1), Proof of Service (Ex. 2), Defendants' Answer (Ex. 3), true and correct copies of the state court's Docket Sheet (Ex. 4), which constitute all process, pleadings, and orders served to date or that will be served to date. There are no motions pending in the state court that require resolution by the Court. An index of filings, including a list of the names and contact information of counsel that have appeared in the state court, is provided as well.

10.     Pursuant to 28 U.S.C. § 1446(d), promptly after this notice is filed with this Court, Defendants will serve written notice of its filing on Plaintiff's counsel. Pursuant to 28

2

U.S.C. § 1446(d), a true and correct copy of this notice also will be filed with the clerk of the state district court in Polk County, Iowa.

**B.      *The Court has diversity jurisdiction because there is complete diversity between Coleman and UPS, and Coleman has fraudulently joined Vergara and King.***

11.      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(i). Because Plaintiff is a citizen of Iowa and Defendant UPS is a citizen of Ohio and its principal place of business is in Georgia, and because the amount in controversy exceeds the sum or value of $75,000,[1] the only issue is whether the lack of diversity between Coleman and the individual defendants Vergara and King precludes this suit from being "between citizens of different States." The Court has original diversity jurisdiction, notwithstanding the alleged lack of diversity between Coleman and Vergara and King, due to fraudulent joinder.

12.      "Fraudulent joinder is an exception to the complete diversity rule." *Johnson v. Midwest Div.-RBH, LLC*, 88 F.4th 731, 735 (8th Cir. 2023). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Id.* "A party has been fraudulently joined when there exists no reasonable basis in fact and law to support a claim against it." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). "In this analysis, we do not focus on the artfulness of the plaintiff's pleadings." *Id.*

---

[1] Coleman does not allege that the amount in controversy is $75,000 or less. Coleman also did not file her state court action as a Rule 1.281 action for Iowa state court suits for which the amount in controversy is $75,000 or less. *See* IOWA R. CIV. P. 1.281; *see also id.* R. 1403.1 (requiring that petitions "shall state whether the amount of damages meets applicable jurisdictional requirements for the amount in controversy"). Coleman seeks compensatory damages, attorney's fees, and punitive damages. *See* Ex. 1, Pl.'s Pet., at 13 ¶ 108.

13.     Despite Coleman's artful pleading of her claims against the individual defendants, the claims have no reasonable basis in fact and law. In other cases against Defendant UPS in this Court, there has been a pattern and practice of gamesmanship to obfuscate factual and legal bases for federal court jurisdiction. That gamesmanship continues in this case.

14.     Coleman's claims against the individual defendants have no reasonable basis in fact or law. First, Coleman improperly relies on alleged incidents occurring with other employees to support her claims, which Coleman lacks standing to bring. *See* Ex. 1, Pl's Pet., ¶¶ 28-36. Second, Coleman has artfully pleaded her allegation that she "complained about the discipline and about harassment based on her race" by omitting that her complaints were union grievances. *Id.* ¶¶ 33, 40, meaning that her claims against the individual defendants are preempted under the National Labor Relations Act and she did not engage in an ICRA-protected activity. *See San Diego Unions v. Garmon*, 359 U.S. 236 (1959). Third, the individual defendants are not the particular type of supervisors who may be subject to individual liability under the ICRA under the circumstances here. *See Valdez v. W. Des Moines Cmty. Sch.*, 992 N.W.2d 613, 631 (Iowa 2023). Fourth, Coleman has artfully pleaded essential allegations without any dates and actors to deprive the Court of cogent timeline of events to see that her claims are barred by limitations and lack a basis in fact and law due to temporal proximity issues. *E.g.*, Ex. 1, Pl.'s Pet., ¶¶ 33, 40, 60-61, 94. Because Coleman fraudulently joined the individual defendants, Vergara's and King's alleged lack of diversity with Coleman will not defeat the Court's subject matter jurisdiction.

**C.     *The Court has federal question jurisdiction because Coleman's state-law claims are completely preempted by the LMRA.***

15.     Generally, removal of a state court action to federal court is proper under 28 U.S.C. § 1331 if the plaintiff's claims arise under the constitution, laws, or treaties of the United

4

States. *See* 28 U.S.C. § 1331. "The existence of federal-question jurisdiction typically depends on application of the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) (cleaned up).

16.   "But the well-pleaded-complaint rule also has a corollary: the doctrine of complete preemption. Some federal statutes completely preempt—and thereby wholly displace—state-law claims, so that a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)) (cleaned up).

17.   The LMRA is one such federal statute that completely preempts state law claims. *Id.* The LMRA preempts not only claims founded on rights created by collective-bargaining agreements (CBAs), but also claims that are "substantially dependent on analysis of a [CBA]." *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)). "A substantially dependent claim under the LMRA is one that requires the interpretation of some specific provision of a [CBA], including any documents incorporated by reference." *Id.* (cleaned up). The LMRA thus preempts state law employment discrimination claims when an analysis of those claims requires interpreting specific provisions of a CBA. *See id.* at 590-93 (holding removal was proper because LMRA preempted state law disability discrimination claim).

18.   Coleman is a member of the local chapter of the International Brotherhood of Teamsters ("the Union"). The Union and UPS have negotiated and executed an expansive CBA, including a national agreement and a regional supplemental agreement. *See* Ex. 3. As noted above, Coleman has purposefully not alleged what specific "complaint" she made manner to conceal that she is actually referring to her union grievances, as counsel has done in another

recent case against UPS.[2] These grievances establish that the "complaints" Coleman has made have been through union grievances, in which Coleman accuses UPS of breaching the CBA and the Union of failing to fairly represent her.

19.    In this lawsuit, Coleman merely recasts her prior breach of contract claims as discrimination and harassment claims under the ICRA. Coleman's claims are therefore based on union grievances complaining that UPS breached the CBA, her claims are intertwined with the CBA by requiring the Court to resolve disputed issues of CBA interpretation, and the claims completely preempted and thus arise under federal law.

20.    In her state-court Petition, Coleman complains about the exact same employment decisions that she complained about in her union grievances, including "Plaintiff has had her assigned UPS Store, stops, ground work, misloads, taken from her and given to other employees," Ex. 1, Pl.'s Pet. ¶ 22, "Plaintiff's Route 20C was reduced to 70 stops, which is below 50% of her normal Monday Routes, reducing her route to less than 8 hours," *id.* ¶ 24. "On Nov 15, white male Supervisor Lance King and office personnel Christina changed the rate of pay of Plaintiff," *id.* ¶ 46; "On December 11, Plaintiff was unfairly written up," *id.* ¶ 48; "Plaintiff signed up for extra work on Saturday January 8, 2022, and was passed up for another employee," *id.* ¶ 49; "On or around January 11, 2022, they gave her UPS Store route to another white driver." *id.* ¶ 50; "Plaintiff had reduction in hours on November 15, 2021, December 15, 16, 17, 21, and 22, of 2021, February 22, 23, and 24 of 2022, all of which resulted in her being paid as pay actual not a full 8 hours," *id.* ¶ 51. Like many other allegations, Coleman's allegations that she was "qualified, present and available for the times they did her work" are taken directly from her union grievances. *Id.* ¶¶ 23, 25-26.

---

[2] *See Brandon King v. United Parcel Serv., Inc.*, No. 4:23-cv-00069-RGE-WPK, 2024 WL 1832428, at *3 (S.D. Iowa Mar. 27, 2024 ("Subsequent to removal, King amended his petition, removing all references to the underlying collective bargaining agreements, his membership in a union, and all union-related activities.").

21.     Coleman's union grievances specifically accused UPS of violating CBA Articles 3, 3.16, 17, and 37. These grievances asserted Coleman's rights under the CBA, including her CBA-based seniority rights over other employees (Supp. Art. 3, 3.16); her CBA-based bid route (Arts. 22 §; Supp. at Art. 3 §§ 9, 15); her CBA right to guaranteed pay as opposed to pay actual; (Art. 17); and prohibition against retaliation "for exercising rights under this Agreement" (Art. 37). Coleman's complaint makes further essential allegations that require resolving disputed issues of CBA interpretation, including how the CBA classifies Coleman's position as compared to the classification of the white employees she references and UPS's interpretation of the "just cause" provision in Article 17 in determining the alleged asymmetrical application thereof. In her grievances, Coleman did not complain about discrimination, harassment, or retaliation based on an ICRA-protected trait (such as race or disability), as opposed to discrimination and harassment based on her rights under the CBA as a union member.

22.     Coleman's claims are intertwined with and substantially dependent on an analysis of these provisions of the CBA, among others. Coleman seeks to prove her discrimination and retaliation claims by asserting that Defendants breached or improperly interpreted these provisions. To prove her claims as she has alleged them, Coleman will need to establish how the cited and other provisions of the CBA should be interpreted and how they should be analyzed under her circumstances, as compared to others she claims received more favorable treatment.

23.     Because Coleman's state-law claims are intertwined with and substantially dependent upon the CBA, her state law claims are completely preempted by the LMRA and removal of the case is proper based on federal question jurisdiction. *See Johnson v. Humphreys*, 949 F.3d 413, 415 (8th Cir. 2020); *Boldt*, 904 F.3d at 590-93.

7

### III.    CONCLUSION & PRAYER

24.    For the foregoing reasons, Defendants ask the Court to assume jurisdiction over this action based upon federal question jurisdiction. Defendants additionally pray for all other relief to which it may be entitled.

Respectfully submitted,

/s/ Julie T. Bittner
Julie T. Bittner, AT0009719
MWH LAW GROUP LLP
4350 Westown Parkway, Suite 120
West Des Moines, IA 50266
Telephone: (515) 453-8509
Facsimile: (515) 267-1408
E-mail: julie.bittner@mwhlawgroup.com

Shannon B. Schmoyer
Texas State Bar No. 17780250
sschmoyer@sr-llp.com
(*pro hac vice application forthcoming*)
Delilah Evans
Texas State Bar No. 24036991
devans@sr-llp.com
(*pro hac vice application forthcoming*)
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Telephone: (210) 447-8033
Facsimile: (210) 447-8036

**ATTORNEYS FOR DEFENDANTS
UNITED PARCEL SERVICE, INC.
(OHIO), ALEX VERGARA, AND
LANCE KING**

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document and the exhibits and attachments were served *via Court's E-Filing system* to:

John Q. Stoltze, AT0013285
STOLTZE LAW GROUP, PLC
300 Walnut, Ste. 260
Des Moines, IA 50309
Telephone: (515) 989-8529
Facsimile: (515) 244-3930
E-mail: john.stoltze@stoltze.law
**ATTORNEY FOR PLAINTIFF**

on November 7, 2024.


*/s/Brooke E. Klingbeil*